UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LENNYS COPY CENTER & MORE LLC,

Debtor.
_____/

Case No. 13-63108

Chapter 7

Judge Thomas J. Tucker

GENE R. KOHUT, TRUSTEE,

Plaintiff,

vs.

ROY R. LENAWAY,
and
MARY LENAWAY,

Defendants.
_____/

Adv. Pro. No. 14-4165

# OPINION REGARDING PLAINTIFF'S MOTION
# TO DISQUALIFY DEFENDANTS' COUNSEL
# IN THIS ADVERSARY PROCEEDING

This adversary proceeding is before the Court on the motion filed by the Plaintiff, Gene R. Kohut, Trustee, seeking the disqualification of the Defendants' counsel, Osipov Bigelman, P.C. ("Osipov Bigelman") and all the attorneys in that firm (Docket # 17, the "Disqualification Motion" or "Motion"). Osipov Bigelman filed a response objecting to the Motion, and the Court held a hearing on July 9, 2014.

For the reasons stated in this opinion, the Disqualification Motion will be granted. The Court finds and concludes the following:

**First**, Osipov Bigelman and all of the attorneys in that firm are prohibited from representing the Defendants in this adversary proceeding, by Mich. R. Prof'l Conduct 1.7(a) and

1.10(a).[1]  Osipov Bigelman's representation of the Defendants in this adversary proceeding is "directly adverse to another client," within the meaning of Rule 1.7(a) — the other client being the bankruptcy Debtor in the underlying Chapter 7 bankruptcy case, Lennys Copy Center & More, LLC (the "Debtor").

The Debtor is a current client of Osipov Bigelman, which has represented the Debtor since before the Debtor's voluntary Chapter 7 bankruptcy case was filed, and thereafter has represented the Debtor in the bankruptcy case at all times through the present.

The Defendants in this adversary proceeding are the members of the Debtor LLC. There are continuing adverse interests between the Debtor on the one hand, and the Defendants on the other hand. In this adversary proceeding, the Plaintiff Trustee seeks to avoid, as fraudulent transfers, and recover, $26,260.00 in prepetition transfers made by the Debtor to the Defendants. The Defendants' interest in defending themselves against such claims conflicts with the Debtor's interests and duties, including the Debtor's interests in cooperating with the Chapter 7 Trustee and maximizing the recovery for the benefit of the bankruptcy estate and its creditors. *See*

---

[1] Rule 1.7(a) states:

> A lawyer shall not represent a client, if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after consultation.

Rule 1.10(a) states, in relevant part:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2 . . . .

2

*Parker v. Frazier* (*In re Freedom Solar Ctr., Inc.*), 776 F.2d. 14, 16-17 (1st Cir. 1985)(citation omitted)(holding that "when the sole shareholder [of the bankruptcy debtor] may be the recipient of preferential transfers, adverse interests do result" between the debtor and the shareholder; and "[i]f the trustee does commence an action against [the debtor's shareholder] for preferential transfers, [the shareholder's] interest in protecting himself will be at odds with the debtor's interest in cooperating with the trustee."); *see generally* 11 U.S.C. § 521(a)(3)("The debtor shall . . . (3) if a trustee is serving in the case . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title"); 11 U.S.C. § 704(a)(1)(trustee's duties include to "collect and reduce to money the property of the estate . . . .")

It is true that the Chapter 7 bankruptcy Debtor is a distinct entity from the Chapter 7 bankruptcy estate and the Chapter 7 Trustee. But the Debtor's duties and interests after filing the Chapter 7 bankruptcy case are aligned with the interest of the Chapter 7 Trustee and the bankruptcy estate, in maximizing the recovery of assets for the benefit of the bankruptcy estate and its creditors. This is not only because of the Chapter 7 Debtor's general duty to cooperate with the Trustee as necessary to enable the Trustee to perform his duties, 11 U.S.C. § 521(a)(3), but also because the bankruptcy Debtor and its attorney each have "a fiduciary obligation to act in the best interest of the entire estate, including creditors." *See Paloian v. Greenfield* (*In re Rest. Dev. Grp., Inc.*), 402 B.R. 282, 287 (Bankr. N.D. Ill. 2009); *see also Pereira v. Allboro Bldg. Maint., Inc.* (*In re Allboro Waterproofing Corp.*), 224 B.R. 286, 292 (Bankr. E.D. N.Y. 1998):

> Here, representation of both the Debtor and the Defendants engenders a conflict quite similar to the potential conflict discussed in *Freedom Solar*. [Debtor's counsel] must counsel the Debtor to

> comply with its ongoing duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title," as well as to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11 U.S.C. § 521[a](3)-(4); *see also* 11 U.S.C. § 704[a](1). The Debtor is therefore under a duty to disclose information that would assist the Trustee in his efforts to recover assets of the estate in the preference and fraudulent conveyance actions. **Although there are no allegations that [Debtor's counsel] has obstructed the Debtor from complying with the commands of § 521, [Debtor's counsel's] undivided allegiance owed to the Defendants *per force* compels an adversarial posture at odds with those statutory duties, hence the conflict of interest.**

(bold emphasis added).

**Second**, the exception to the prohibition in Rule 1.7(a) (the "unless" clause) does not apply here, because the client-consent provision in Rule 1.7(a)(2) is not met. Osipov Bigelman's client, the bankruptcy Debtor, does not consent to Osipov Bigelman's adverse representation of the Defendants in this adversary proceeding. The Debtor's decision to consent or not to consent is controlled by the Chapter 7 Trustee, on behalf of the bankruptcy estate, and the Trustee has not consented, and will not consent. *See, e.g.*, *Parker*, 776 F.2d at 17 (citing *Commodity Futures Trading Comm. v. Weintraub*, 471 U.S. 343, 353 (1985)("[o]nly the trustee could consent for the debtor to the multiple representation."); *Pereira,* 224 B.R. at 292-93 (same); *Paloian*, 402 B.R. at 291 (same).

For these reasons, Rule 1.7(a) of the Mich. R. Prof'l Conduct prohibits Osipov Bigelman and its attorneys from simultaneously representing the Debtor in the Chapter 7 bankruptcy case and the Defendants in this adversary proceeding.

4

14-04165-tjt    Doc 40    Filed 07/18/14    Entered 07/18/14 15:50:30    Page 4 of 8

**Third**, Osipov Bigelman's suggested alternative to disqualification as counsel for the Defendants — namely, allowing Osipov Bigelman to withdraw as counsel for the Debtor — is not an appropriate or permissible remedy, for the following reasons. First, Osipov Bigelman represented the Debtor first, and only later began to represent the Defendants in this adversary proceeding, which of course was filed after the Debtor filed its Chapter 7 bankruptcy petition. Osipov Bigelman may not withdraw from representing the earlier, existing client (the Debtor) in order to take on representation of a different client in a later-filed matter (defending Defendants against this adversary proceeding), as a means of avoiding the conflict of interest prohibited by Rule 1.7(a). As this Court pointed out in *In re Ralph Roberts Realty, LLC*, 500 B.R. 862, 868-69 (Bankr. E.D. Mich. 2013),

> if [this] were not so, it would mean that an attorney could evade the conflict-of-interest rule in Rule 1.7(a), by simply abandoning and forsaking an existing client any time he wanted to take on a new client and matter directly adverse to the existing client. Such an evasion of the conflict-of-interest rules governing attorneys, and such treatment of an existing client, are not permitted. *See, e.g.*, El Camino Res., Ltd. v. Huntington Nat'l Bank, 623 F. Supp. 2d at 877-78, 879:
>
>> The courts universally hold that a law firm will not be allowed to drop a client in order to resolve a direct conflict of interest, thereby turning a present client into a former client.
>> . . .
>>
>> Pursuant to this universal rule, the status of the attorney/client relationship is assessed at the time the conflict arises, not at the time the motion to disqualify is presented to the court. "If this were not the case, the challenged attorney could always convert a present client into a 'former client' by choosing when to cease to represent the disfavored client." This unilateral abrogation of the duty of

5

> loyalty cures nothing, but serves to make matters worse.
>
> . . .
>
> A law firm is not privileged to extinguish its duty of loyalty to a present client by unilaterally turning it into a former client.

(citations and footnote omitted).

Furthermore, Osipov Bigelman presents no good reason why, *when its proposed withdrawal is viewed from the Debtor's perspective*, the Court should allow Osipov Bigelman to withdraw from its representation of the Debtor in the bankruptcy case.

And even if this Court were to allow Osipov Bigelman to withdraw as counsel for the Debtor in the Chapter 7 bankruptcy case, that firm and all of its attorneys still would be prohibited from representing the Defendants in this adversary proceeding, by Rule 1.9(a) of the Mich. R. of Prof'l Conduct.[2]  That is because this adversary proceeding is "a substantially related matter" to the Chapter 7 bankruptcy case in which Osipov Bigelman has represented the Debtor, and for the reasons discussed above, the Defendants' interests in this adversary proceeding "are materially adverse to the interests of the Debtor," who would be the "former client" within the meaning of Rule 1.9(a).  And the exception to the prohibition in Rule 1.9(a) ("unless the former client consents after consultation") would not apply, because, as discussed above, the Chapter 7

---

[2]  That rule states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Trustee controls whether or not the Debtor would give such consent, and the Trustee obviously would not cause the Debtor to consent.

For these reasons, the prohibition in Rule 1.7(a) of the Mich. R. of Prof'l Conduct to Osipov Bigelman and its attorneys representing the Defendants in this adversary proceeding cannot be avoided by Osipov Bigelman simply withdrawing as counsel for the Debtor in the underlying bankruptcy case.

**Fourth** and finally, the Court rejects Osipov Bigelman's argument that even if their representation of the Defendants in this adversary proceeding is determined to be a conflict of interest violative of Rule 1.7(a), as this Court now has found it is, that does not require that Osipov Bigelman be disqualified as counsel for the Defendants in this adversary proceeding. Good public policy, and the interest of preserving the integrity of the judicial process, dictate that this Court should not allow Osipov Bigelman to continue representing the Defendants in this adversary proceeding, *after* finding that its doing so would violate the Michigan Rules of Professional Conduct. *See In re Ralph Roberts Realty, LLC*, 500 B.R. at 864 ("Overview" section of the opinion); *Parker*, 776 F.2d at 19 (holding that "strict adherence" to conflict of interest rule is required to "further its policies and prevent conflicts from escalating," and ordering disqualification even though the court found that in the case before it "the adverse interest in this multiple representation situation may be characterized as slight").

Osipov Bigelman cites two bankruptcy court cases to argue that disqualification is not required even if there is a conflict of interest. Those cases are distinguishable from this case. And even if they were not, the Court still would order disqualification and follow the stricter approach of *Parker*. In *Paloian*, 402 B.R. at 291, the Chapter 7 trustee consented, on behalf of

7

the bankruptcy debtor, to the multiple representation. In *Pereira*, 224 B.R. at 294, the adversary proceeding clients were "the first clients to hire" counsel, rather than the bankruptcy Debtor, and the court noted that "first client's rights to loyalty takes precedence over the second client's individual preference for a particular counsel." (citation omitted). In this case, by contrast, the Chapter 7 Trustee refuses to cause the Debtor to consent to the multiple representation, and Osipov Bigelman's first duty is to the Chapter 7 Debtor and its interests.

**Conclusion**

For the reasons stated above, the Osipov Bigelman firm and all of the attorneys in that firm will be disqualified from representing the Defendants in this adversary proceeding. The Court will enter a separate order.

**Signed on July 18, 2014**          /s/ Thomas J. Tucker
                                      **Thomas J. Tucker**
                                      **United States Bankruptcy Judge**